IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

**In re:**

| | | |
|---|---|---|
| **GREGORY B. MYERS** | * | |
| | * | Case No. 15-26033 WIL |
| Debtor. | * | Chapter 11 |
| | * | |
| _____ | * | |
| | | |
| **GREGORY B. MYERS** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary Proceeding No. _____ |
| | * | |
| **REGIONS BANK** | * | |
| **1900 Fifth Avenue North** | * | |
| **Birmingham, Alabama 35203** | * | |
| | * | |
| Serve: Regions Bank | * | |
| c/o CSC-Lawyers Incorporating | * | |
| Service Company | * | |
| Resident Agent | * | |
| 7 St. Paul Street Suite 820 | * | |
| Baltimore, MD 21202 | * | |
| | * | |
| Serve: Mr. O. B. Grayson Hall Jr. | * | |
| CEO of Regions Bank | * | |
| 1900 Fifth Avenue North | * | |
| Birmingham, AL 35203 | * | |
| | * | |
| Defendant | * | |
| _____ | | |

**DEBTOR'S COMPLAINT TO DETERMINE PRIORTY AND EXTENT OF LIEN OF REGIONS BANK IN THE SCHEDULED AMOUNT OF $320,879.74, OBJECTION TO <u>SCHEDULED CLAIM AND NOTICE OF OBJECTION</u>**

Gregory B. Myers (Plaintiff or "Debtor"), by and through his attorneys, James M.

Greenan, Esq., Craig M. Palik, Esq. and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch

1

P.A., hereby files this Complaint to Determine Priority and Extent of Lien of Regions Bank, Objection to Scheduled Claim and Notice of Objection (the "Complaint") pursuant to 11 U.S.C §§502, 506 and Rules 3003, 3007 and 7001 of the Federal Rules of Bankruptcy Procedure, and for cause states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (K).

3. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. The Plaintiff and Debtor herein is a resident of the state of Florida.

5. Defendant Regions Bank is a Alabama corporation headquartered at 1900 Fifth Avenue North Birmingham, AL 35203.

## FACTS

6. On November 18, 2015 (the "Petition Date") the Debtor commenced the above referenced case under Chapter 11 of the United States Bankruptcy Code.

7. Since the Petition Date, the Debtor has continued in possession of his assets and has operated as a Debtor-in-Possession under §§ 1107 and 1108 of the Code. No committee of unsecured creditors has been appointed in this case.

8. Debtor has scheduled a disputed secured claim of Regions Bank ("Regions") in the amount of $320,879.74. The Debtor's schedule D was amended on October 13, 2016 to

indicate that the Debtor disputes this purported debt and lien and contemporaneously served the notice required under Local Rule 2081-1 to Regions.

9. The Regions disputed secured claim is based upon a judgment entered by the United States District Court for the Northern District of Florida, Pensacola Division on February 27, 2014, against the Debtor and Barbara Ann Kelly, the Debtor's non-filing spouse ("Kelly"), that was recorded twice among the land records of Walton County, Florida; first on July 7, 2014 at Book 2954, Page 525, and second, on September 19, 2014 at Book 2960, Page 559. Copies of the recorded judgments of Regions are attached hereto as **Exhibits A and B,** respectively.

10. The Debtor and Kelly own three properties in Walton County, Florida: Lot 6, Seaside 14 Subdivision, Santa Rosa Beach, FL 32459; Lot 13, Seaside 15 Subdivision, Santa Rosa Beach, FL 32459; and 147 Silver Laurel Way, Santa Rosa Beach, FL 32459 (collectively the "Walton County Properties").

11. Debtor objects to the Scheduled Claim of Regions and seeks a determination of the Court that Regions' alleged secured claim is unsecured, and further, that Regions has no lien against any of the Walton County Properties.

### COUNT I
### (Objection to Scheduled Claim and Determination of Secured Status
### 11 U.S.C §502, 11 U.S.C §506, Fed.R.Bank.P. 3007)

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1-11 of the Complaint.

13. Florida Statutes §55.10 set forth the requirements for the recordation of judgments in order to create a lien, and provides in pertinent part:

(1) A judgment, order, or decree becomes a lien on real property in any county

3

when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, **provided that the judgment, order, or decree contains <u>the address of the person who has a lien as a result of such judgment</u>, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating <u>the address of the person who has a lien as a result of such judgment, order, or decree</u>. A judgment, order, or decree does not become a lien on real property unless <u>the address of the person who has a lien as a result of such judgment, order</u>, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.** (emphasis added).

14. Florida Statutes §55.10, and the cases interpreting it are very clear that <u>the address</u> of the judgment creditor, as a highly technical matter, <u>must</u> appear in the judgment or an affidavit simultaneously recorded with the judgment to create a lien against real property. See <u>Gomez v. Timberoof Roofing Company, Inc.</u>, 160 So.3d 1279 (Fla. 4th DCA 2016) (finding that lien did not comply with section 55.10(1) where it contained address of creditor's attorney); <u>Robinson v. Sterling Door & Window Co.</u>, 698 So.2d 570, 571 (Fla. 1st DCA 1997) (finding a judgment did not constitute a lien where the judgment contained the names of the creditor's attorneys, but not the creditor's address). In <u>Tomalo v. Kingsley Displays, Inc.</u>, 862 So.2d 899, 901 (Fla. 2d DCA 2003), District Court of Appeal of Florida interpreted §55.10 to require:

> While we recognize that the name [of the lienholder] and an address do appear on the recorded judgment, we are mindful that section 55.10(1) does not merely call for "an address." The statute very specifically requires "the address of the person who has a lien."

> <u>Id.</u>

15. The Regions' judgment recorded July 7, 2014 at Book 2954, Page 525, attached as **Exhibit A**, contains no address at all and therefore fails to create a lien on any of the Walton County Properties.

16.     The Regions' judgment was subsequently recorded on September 19, 2014 at Book 2960, Page 559, attached as **Exhibit B**, as well as an affidavit recorded on September 19, 2014 at Book 2960, Page 562 (the "Affidavit").

17.     The Affidavit does not contain "the address" for Regions contained in its 2014 and 2015 Annual Reports filed with the Secretary of State of Florida on April 28, 2014 and April 24, 2015, which Annual Reports indicate that Region's address was "1900 Fifth Avenue North, Birmingham Alabama 35203." Copies of the 2014 and 2015 Annual Reports filed with the Secretary of State of Florida are attached as **Exhibits C and D**.

18.     Based on the 2014 and 2015 Annual Reports filed with the Secretary of State of Florida, the address for Regions did not change year over year during the interim period when the Regions' Affidavit was recorded.

19.     In addition, Debtor and Kelly entered into a settlement agreement with Regions Bank dated April 8, 2015 (the "Settlement Agreement"), attaching a form of consent judgment (the "Consent Judgment") drafted by Regions which states: "Pursuant to §55.01, Fla. Stat., the last known address of:  Plaintiff, 1900 Fifth Avenue North, Birmingham, Alabama 35203." This address is the same address for Regions contained in the 2014 and 2015 Annual Reports filed with the Secretary of State of Florida, but does not correspond to the Affidavit. Copies of the Settlement Agreement and Consent Judgment are attached as **Exhibits E and F**, respectively.

20.     Further, on September 23, 2016, the commitment for title insurance from Fidelity National Title Insurance Company for the contemplated sale of Lot 6, Seaside 14 Subdivision, Santa Rosa Beach, FL 32459 (the "Commitment for Title Insurance"), notes the same deficiencies in the recorded Regions' judgments stating:

5

**10. There appears of record judgment (s) recorded in Official Records Book 2954, Page 525 and Official Records Book 2960, Page 559. Said judgments do not contain the address of the judgment creditor nor was there an affidavit recorded simultaneously with said judgments. Should the judgments be re-recorded prior to the effective date of the policy to contain the address of the judgment creditor or affidavit containing the address of the judgment creditor, the Company will require satisfaction or release of such judgment (s), or such judgment (s) will appear as exception (s) on Schedule B, Section 1, of the policy.**

A copy of the Commitment for Title Insurance is attached hereto as **Exhibit G**.

21.     Accordingly, an independent examination of the recorded Regions judgments by Fidelity National Title Insurance Company yields the same legal conclusion, namely that the Regions judgments do not create a lien on any of the Walton County Properties in accord with Florida Statutes §55.01.

22.     Based upon the foregoing, Debtor alleges that Regions Bank has failed to comply with Florida Statutes §55.01 such that no lien has attached to any of the Walton County Properties.

**WHEREFORE,** Gregory B. Myers, Plaintiff, respectfully requests that this Honorable Court order that his objection to the scheduled Claim of Regions Bank be sustained, finding that the recordation of any Regions Bank judgment does not create a lien on any of the Walton County Properties, and for such other and further relief as this action may require.

## NOTICE TO REGIONS BANK, CLAIMANT

Please take notice that:

**WITHIN 30 DAYS AFTER THE DATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE SCHEDULED CLAIM. AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD IN THE COURT'S DISCRETION.**

Respectfully submitted,

McNAMEE, HOSEA, JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

/s/ Craig M. Palik, Esq.
_____

James M. Greenan, Esq. (08623)
Craig M. Palik. Esq. (15254)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland  20770
(301) 441-2420
(301) 982-9450 (f)
jgreenan@mhjlawyers.com
cpalik@mhlawyers.com

*Attorneys for Gregory B. Myers, Debtor*